**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAMION MARQUIS BANKS,

          Plaintiff,

v.

ISIDRO BACA,

          Defendant.

Case No. 3:15-cv-00535-RCJ-WGC

**Order**

## I.   DISCUSSION

Plaintiff, a former inmate of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*. (ECF No. 1-1, 6).  On March 31, 2016, the Court ordered Plaintiff to provide the Court with an updated address within thirty days. (ECF No. 7 at 1:2-3).  The thirty-day period has now expired, and Plaintiff has not filed an updated address or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a

1    case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

2    A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

3    action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v.*

4    *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*

5    *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an

6    order requiring amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

7    1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court

8    apprised of address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

9    (dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424

10   (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

11          In determining whether to dismiss an action for lack of prosecution, failure to obey a

12   court order, or failure to comply with local rules, the court must consider several factors: (1)

13   the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

14   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

15   cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d

16   at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-

17   61; *Ghazali*, 46 F.3d at 53.

18          In the instant case, the Court finds that the first two factors, the public's interest in

19   expeditiously resolving this litigation and the Court's interest in managing the docket, weigh

20   in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of

21   dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

22   filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542

23   F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases

24   on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

25   Finally, a court's warning to a party that his failure to obey the court's order will result in

26   dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

27   *Malone*, 833 F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The Court's order for Plaintiff to

28

file an updated address expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, the Court will dismiss this action without prejudice." (ECF No. 7 at 2:4-5).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an updated address.

**II.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address in compliance with the Court's March 31, 2016 order.

IT IS FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

DATED: This 7th day of June, 2016.

_____